**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RAFAELA ESTHER LOPEZ-REYES,**<br>**Petitioner,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN,** *in his official capacity as Secretary of the Department of Homeland Security, et al.,*<br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-01793-DB** |

**ORDER**

On this day, the Court considered the above-captioned case. On July 1, 2026, Petitioner Rafaela Esther Lopez-Reyes filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. ECF No. 1 at 2. She argues her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* at 40. Petitioner is a Guatemalan national who entered the United States in 1991. *Id.* at 4. Petitioner has no criminal record and has fully complied with all requirements of her removal proceedings. *Id.* at 6. Despite this, on June 22, 2026, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") during an interior enforcement operation conducted in a public area. *Id.* at 4. To date, Petitioner has not received a bond hearing before an immigration judge ("IJ"). *Id.* at 6. Petitioner asserts, among other things, that her detention violates her due process rights because she has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing justifying her detention. *Id.* at 18–19. Respondents now concede Petitioner is entitled to a bond hearing.

The Court previously noted that Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De*

*Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (holding that petitioner, who entered the United States without inspection but was later detained by immigration officials, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). The Court ordered Respondents to show cause why the Court's reasoning in those cases did not warrant the same outcome here. ECF No. 4.

On July 8, 2026, Respondents filed their response and conceded Petitioner is entitled to a bond hearing under the Fifth Amendment's due process clause citing to the Fifth Circuit's opinion in *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 1906557 (5th Cir. July 2, 2026). *Sosnava Rodriguez* affirms that people in Petitioner's position, who are (1) detained in the interior of the United States, but (2) were never formally admitted, and (3) are subject to ongoing removal proceedings have no statutory right to bond as determined in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Sosnava Rodriguez*, 2026 WL at *2–3. "Even so, the Constitution must also be considered." *Id.* The panel agreed with the legal conclusions this Court has articulated since its first decision in *Vieira* that noncitizens like Petitioner, who have established ties to the United States, are entitled to the Fifth Amendment's due process clause protections. *Id.* at *7.[1] "[C]ertain

[1] ("Entry and residence, not legal admission, dictate the extent of the Constitution's application. The[] aliens [in this case] have each lived on United States soil for over a decade, had children in

substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures." *Id.* at 7 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)). The panel concluded that for detention to be valid, the due process clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within a reasonable time of detention. *Id.* "Given the absence of any categorical justification for detention, unlike in *Zadvydas* (aliens who have been found to be removable) and *Demore* (aliens who were convicted of criminal offenses), there is no reason to lengthen the period of time during which the validity of detention can be presumed," so the panel determined the "Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Id.* at *16.

Accordingly, after careful consideration of the undisputed facts in this case, the legal conclusions made in *Vieira*, which are supported by the Fifth Circuit's *Sosnava Rodriguez* opinion, and this Court's finding that the opinion is persuasive authority,[2] **IT IS HEREBY ORDERED** Rafaela Esther Lopez-Reyes "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued

---

the United States, owed obedience to the laws of this country, and are, as a result, entitled to the protections of the Due Process Clause.")

[2] *See Paez-Pina v. Blanche,* No. 3:26-CV-01747, ECF No. 5 at 3 (July 7, 2025) ("The Court recognizes its obligation to follow Fifth Circuit decisions that have precedential effect. Nevertheless, the Court finds it is not bound to follow *Sosnava Rodriguez* at this time since the decision is not yet final. Considering it only persuasive authority, this Court will continue granting a bond hearing or release in these circumstances without requiring a 90-day detention period.").

detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than July 14, 2026.**[3]

**IT IS FURTHER ORDERED** that if Respondents choose to provide a bond hearing in lieu of release, Respondents **SHALL NOTIFY** Petitioner's habeas attorney of the hearing details at the earliest possible time within the confines of the deadlines set forth herein.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than July 17, 2026.**[4]

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than July 21, 2026.**

**SIGNED** this **9th** day of **July 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

[3] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

[4] The parties are advised that if any of the deadlines ordered herein fall on a Saturday, Sunday, or legal holiday, the compliance period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.